UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOYD GILSON, SR. and PENNY GILSON,

    Plaintiff,

v

UNITED STATES OF AMERICA
and JACKSON RIELY-MICHAEL WARNER,

    Defendants.

Case No.: 25-
Judge:

_____/

SAMUEL H. PIETSCH (P30173)
VEN R. JOHNSON (P39219)
Ven Johnson Law, PLC
Attorneys for Plaintiff(s)
535 Griswold St., Suite 2600
Detroit, MI  48226
(313) 324-8300; (313) 324-8301 – fax
spietsch@venjohnsonlaw.com

_____/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, BOYD GILSON, SR. by his Attorneys, VEN JOHNSON LAW, PLC, make the following complaint:

1. At all times herein, Plaintiffs were residents of the County of St. Clair and the State of Michigan.

2. At all times herein, Defendant Warner was a resident of the County of St. Clair and the State of Michigan.

3. At all times herein, Defendant Warner was an employee, agent or servant of the United States Postal Service (USPS).

4. At all times herein, the United States Postal Service (USPS) was a governmental unit of Defendant United States of America.

5. This cause of action is within the ambit of the Federal Tort Claims Act, (FTCA) 28 USC Pt. VI, Chapter 171 *et seq*, and 28 USC § 1346 which vest exclusive jurisdiction over the action within the United States District Court.

6. Plaintiff, Boyd Gislon, Sr., filed his FTCA claim with the USPS National Tort Center on or about November 13, 2024.

7. Plaintiff has not received a denial of his FTCA claim from the USPS and, pursuant to 28 U.S.C. §2675(a), Plaintiff is permitted to initiate this lawsuit at this time.

8. Jurisdiction and venue are therefore properly vested within this Court pursuant to 28 U.S.C. §1339 and 28 U.S. C. §1402.

9. On April 25, 2024, Plaintiff Boyd Gilson, Sr. operating his motor vehicle eastbound on Smiths Creek Rd. in St. Clair County, Michigan

10. On that date, Defendant Warner was the driver of a USPS truck owned by the United States of America, and was traveling eastbound on the south shoulder of Smiths Creek Rd. delivering mail.

11. As Plaintiff lawfully passed the postal truck, Defendant Warner suddenly without warning attempted to turn into a driveway on the north side of Smiths Creek Rd., and collided with the passenger side of Plaintiff's vehicle.

12. Defendant, UNITED STATES OF AMERICA, is liable for all injuries caused by the negligent operation of its vehicle by Defendant Warner as:

    a) Defendant Warner was operating the vehicle within the scope and course of his employment with the USPS; and

    b) Defendant Warner was operating the vehicle with the actual or implied consent of the USPS and pursuant to MCLA §257.401 (the Michigan Owner's Liability Statute).

13. The Defendants had a duty and obligation to operate their mail carrier vehicles with reasonable and due care.

14. The Defendants breached the duty to operate their mail carrier vehicles with reasonable and due care and committed negligence when Defendant Warner violated MCL 257.648(1) as follows:

    a) Failing to make sure that it was safe prior to making a left had turn;

    b) Failing to use his turn signal prior to making a left -hand turn.

15. As a proximate result of Defendants' negligence, Plaintiff Boyd Gilson, Sr. suffered damages and injuries including, but not necessarily limited to following:

    a. Great physical and emotional pain and suffering;

    b. Serious impairment of body function;

    c. Traumatic Brain Injury;

    d. Permanent serious disfigurement, scarring from surgery;

    e. Interference with vocational and avocational pursuits;

    f. Economic losses that may exceed no-fault reimbursement maximums;

    g. Mental anguish, fright and shock;

    h. Damage to cervical discs requiring fusion;

    i. Aggravation of preexisting injurie;

    j. Injuries to the head, spine and extremities; and

    k. Other damages that may become known during the course of discovery in this matter.

16. As a direct and proximate result of these breaches of duty by Defendants, Plaintiff Penny Gilson, spouse of Plaintiff Boyd Gilson, Sr.,

suffered damages and injuries including, but not necessarily limited to the loss of consortium.

**WHEREFORE**, Plaintiffs demand judgment against Defendants to whatever amount above the sum of $75,000.00 to which they are found to be entitled, including interest, costs and attorney fees.

Respectfully submitted,
VEN JOHNSON LAW, PLC

BY: */s/ Samuel H. Pietsch*
    SAMUEL H. PIETSCH (P30173)
    VEN R. JOHNSON (P39219)
    Attorneys for Plaintiffs

Dated: October 7, 2025

## **DEMAND FOR JURY TRIAL**

Plaintiffs by their attorneys, VEN JOHNSON LAW, P.L.C., requests a trial by jury.

Respectfully submitted,
VEN JOHNSON LAW, PLC

BY: */s/ Samuel H. Pietsch*
     SAMUEL H. PIETSCH (P30173)
     VEN R. JOHNSON (P39219)
     Attorneys for Plaintiffs

Dated:  October 7, 2025